IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| SCOTT J. TURNER,<br><br>    Plaintiff,<br><br>    v.<br><br>CORECIVIC MEDICAL DEPARTMENT, et al.,<br><br>    Defendants. | CIVIL ACTION NO.: 5:24-cv-77 |

## ORDER

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983.  Doc. 1.  This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A.  For the reasons stated below, I **DISMISS** Plaintiff's claims against Defendants CoreCivic and CoreCivic Medical Department.  However, I **FIND** that some of Plaintiff's claims may proceed.  Specifically, the Court will direct service of Plaintiff's claims against Defendants Moore, Hyers, Carelock, Stone, Sizemore, White, Grievance Coordinator, and Medical Facilitator by separate Order.

## PLAINTIFF'S CLAIMS[1]

Plaintiff alleges that Defendants are responsible for serious injuries he suffered while an inmate at Coffee Correctional Facility.  Doc. 1.  Plaintiff alleges that on several occasions, Defendants ignored Plaintiff's serious medical needs and his "cries for help," laughed at him while he asked for help, and deprived him of medical care.  Id. at 4.  Plaintiff alleges he was

---

[1]    All allegations set forth here are taken from Plaintiff's Complaint.  Doc. 1.  During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

deprived of medicine, a C-PAP machine, and property for several days, resulting in severe injuries to his skin, lungs, and shoulders, in addition to severe pain and suffering. Id. at 5, 13. Plaintiff alleges that Defendants violated the Eighth Amendment, citing deliberate indifference to serious medical need. Id. at 4.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

2

**DISCUSSION**

In order to state a claim for relief under § 1983, a plaintiff must allege "a person acting under color of state law" committed the act or omission in dispute.  Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995).  While local governments qualify as "persons" under § 1983, state agencies, penal institutions, and private corporations that contract with states to operate penal institutions are generally not considered legal entities subject to suit.  Nichols v. Ala. State Bar, 815 F.3d 726, 731 (11th Cir. 2016) (noting the Eleventh Amendment bars § 1983 suits against state agencies) (citing Papasan v. Allain, 478 U.S. 265, 276 (1986)); Thomas v. Illinois, 697 F.3d 612, 613 (7th Cir. 2012) (holding the Eleventh Amendment bars § 1983 suits against state agencies) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 66–70 (1989)); Dumas v. CoreCivic, Civil Action No. 5:20-cv-122, 2021 WL 1733499, at *1 (S.D. Ga. May 3, 2021) (holding, under the Eleventh Amendment, a plaintiff could not maintain plausible claims against the state department of corrections or the private corporation which operated the prison named in the suit).  CoreCivic is a private corporation that contracts with the State to operate Jenkins Correctional Center.  Therefore, CoreCivic is not a "person" subject to suit under § 1983.

Similarly, claims against a medical department itself are not cognizable under § 1983.  Liability requires personal involvement in the alleged constitutional deprivation.  Hale, 50 F.3d at 1582.  A collection of people, such as a medical department, is, therefore, not a "person" for the purposes of the statute.  See Murphy v. Turpin, 159 F. App'x 945, 949 n.4 (11th Cir. 2005) (finding that a "medical unit cannot be sued under § 1983 because it is not a person"); see also Hix v. Tenn. Dep't of Corr., 196 F. App'x 350, 355 (6th Cir. 2006) ("[M]edical departments are not 'persons' under § 1983.").  Thus, CoreCivic Medical Department is also not a "person" subject to suit under § 1983.

For this reason, I **DISMISS** all claims against Defendants CoreCivic and CoreCivic Medical Department.

## CONCLUSION

For the reasons set forth above, I **DISMISS** Plaintiff's claims against Defendants CoreCivic and CoreCivic Medical Department.  However, I **FIND** that some of Plaintiff's claims may proceed.  Specifically, the Court will direct service of Plaintiff's claims against Defendants Moore, Hyers, Carelock, Stone, Sizemore, White, Grievance Coordinator, and Medical Facilitator by separate Order.

**SO ORDERED**, this 14th day of July, 2025.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA